UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :   Case No. 18-cv-00940(FB)(SMG)
ARETHA CROSSON, Individually and as the                            :
representative of a class of similarly situated persons,           :
                                                                   :
                                      Plaintiff,                   :   **DEFENDANT JAKE'S FRANCHISING,**
                                                                   :   **LLC D/B/A WAYBACK BURGER'S**
          -against-                                                :   **ANSWER AND DEFENSES TO CLASS**
                                                                   :   **ACTION COMPLAINT**
JAKE'S FRANCHISING, LLC d/b/a Wayback Burgers,                     :
                                                                   :
                                      Defendant.                   :
                                                                   :
------------------------------------------------------------------ x

Defendant Jake's Franchising, LLC d/b/a Wayback Burgers ("Jake's"), by its attorneys, Robinson & Cole LLP, responds to Plaintiff Aretha Crosson's ("Plaintiff") Class Action Complaint ("Complaint") as follows:

## INTRODUCTION

1.      Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Complaint. The remainder of Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent that a further response may be required, Jake's denies the remaining allegations contained in Paragraph 2.

3.      Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Jake's denies the allegations contained in Paragraph 4 of the Complaint.

5. The first sentence of Paragraph 5 of the Complaint refers to information on Waybackburgers.com (the "Website"), which is publicly available and the content of which speaks for itself. To the extent that the allegations contained in the first sentence of Paragraph 5 are inconsistent with the Website, those allegations are denied. Jake's denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Jake's denies the allegations contained in Paragraph 7 of the Complaint.

8. Jake's denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 9.

10. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 10 of the Complaint. Jake's denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Jake's denies the allegations contained in Paragraph 11 of the Complaint and denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's does not contest subject matter jurisdiction.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's does not contest subject matter jurisdiction.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's does not contest venue.

15. Jake's admits that it is registered to do business in New York State and conducts business in New York State. Jake's denies the remaining allegations of Paragraph 15 of the Complaint.

## PARTIES

16. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 17 of the Complaint. Jake's denies the remaining allegations of Paragraph 17 of the Complaint.

18. Jake's admits the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 19.

20. Paragraph 20 of the Complaint refers to information on the Website, which is publicly available and the content of which speaks for itself. To the extent that the allegations contained in Paragraph 20 are inconsistent with the Website, those allegations are denied. Jake's denies the remaining allegations of Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 21.

## NATURE OF THE CASE

22. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 26.

## FACTUAL ALLEGATIONS

27. Jake's admits that Wayback Restaurants are located in New York State and "provide food and drink items and gift cards." Jake's denies the remaining allegations of Paragraph 27 of the Complaint.

28. Jake's denies the allegations contained in the first sentence of Paragraph 28 of the Complaint. Jake's admits the allegations contained in the second sentence of Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint refers to information on the Website, which is publicly available and the content of which speaks for itself. To the extent that the allegations contained in Paragraph 29 are inconsistent with the Website, those allegations are denied.

30. Paragraph 30 of the Complaint and each of its subparts refers to information on the Website, which is publicly available and the content of which speaks for itself. To the extent that the allegations contained in Paragraph 30 and each of its subparts are inconsistent with the Website, those allegations are denied.

31. Jake's denies the allegations contained in Paragraph 31 of the Complaint.

32. Jake's denies the allegations contained in Paragraph 32 of the Complaint.

33. Jake's denies the allegations contained in Paragraph 33 of the Complaint.

34. Jake's denies the allegations contained in Paragraph 34 of the Complaint.

35. Jake's denies the allegations contained in Paragraph 35 of the Complaint.

36. Jake's denies the allegations contained in Paragraph 36 of the Complaint.

37. Jake's denies the allegations contained in Paragraph 37 of the Complaint.

38. Jake's denies the allegations contained in Paragraph 38 of the Complaint.

39. Jake's denies the allegations contained in Paragraph 39 of the Complaint.

40. Jake's denies the allegations contained in Paragraph 40 of the Complaint.

41. Jake's denies the allegations contained in Paragraph 41 of the Complaint.

42. Jake's denies the allegations contained in Paragraph 42 of the Complaint.

43. Jake's denies the allegations contained in Paragraph 43 of the Complaint.

44. Jake's denies the allegations contained in Paragraph 44 of the Complaint.

45. Jake's denies the allegations contained in Paragraph 45 of the Complaint.

46. Jake's denies the allegations contained in Paragraph 46 and each of its subparts of the Complaint.

47. Jake's denies the allegations contained in Paragraph 47 of the Complaint.

48. Jake's denies the allegations contained in Paragraph 48 of the Complaint.

## CLASS ACTION ALLEGATIONS

49. Paragraph 49 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 49.

50. Paragraph 50 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 50.

51. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Jake's denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint and each of its subparts contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 53 and each of its subparts

54. Paragraph 54 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 54.

55. Paragraph 55 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 55.

56. Paragraph 56 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 56.

57. Paragraph 57 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 57.

58. Paragraph 58 contains a definition to which no response is required.

### FIRST CAUSE OF ACTION
**(Violation of 42 U.S.C.C §§ 12181 et seq. – Title III of the Americans with Disabilities Act)**

59. Jake's repeats and realleges its responses to Paragraphs 1 through 58 as if fully set forth herein.

60. Paragraph 60 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 60.

61. Paragraph 61 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 61.

62. Paragraph 62 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 62.

63. Paragraph 63 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 63.

64. Paragraph 64 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 64.

65. Paragraph 65 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 65.

66. Paragraph 66 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 66.

67. Paragraph 67 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 67.

68. Jake's denies the allegations contained in Paragraph 68 of the Complaint.

69. Jake's denies the allegations contained in Paragraph 69 of the Complaint.

70. Jake's denies the allegations contained in Paragraph 70 of the Complaint.

71. Jake's denies the allegations contained in Paragraph 71 of the Complaint.

72. Jake's denies the allegations contained in Paragraph 72 of the Complaint.

73. Jake's denies the allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 74. Jake's denies that Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION
### (Violation of New York State Human Rights Law, N.Y. Exec, Law Article 15 (Executive Law § 292 et seq.))

75. Jake's repeats and realleges its responses to Paragraphs 1 through 74 as if fully set forth herein.

76. Paragraph 76 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 76.

77. Paragraph 77 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 77.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 78.

79. Jake's denies the allegations contained in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 80.

81. Paragraph 81 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 81.

82. Paragraph 82 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 82.

83. Jake's denies the allegations contained in Paragraph 83 and each of its subparts of the Complaint.

84. Jake's denies the allegations contained in Paragraph 84 of the Complaint.

85. Jake's denies the allegations contained in Paragraph 85 of the Complaint.

86. Jake's denies the allegations contained in Paragraph 86 of the Complaint.

87. Jake's denies the allegations contained in Paragraph 87 of the Complaint.

88. Jake's denies the allegations contained in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 89. Jake's denies that Plaintiff is entitled to any relief.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law, NY CLS Civ R,**
**Article 4 (CLS Civ R § 40 et seq.))**

90. Jake's repeats and realleges its responses to Paragraphs 1 through 89 as if fully set forth herein.

91. Jake's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 92.

93. Paragraph 93 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 93.

94. Paragraph 94 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 94.

95. Paragraph 95 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 95.

96. Jake's denies the allegations contained in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 97.

98. Paragraph 98 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 98.

99. Paragraph 99 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 99.

100. Jake's denies the allegations contained in Paragraph 100 of the Complaint.

101. Jake's denies the allegations contained in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 102. Jake's denies that Plaintiff is entitled to any relief.

## FOURTH CAUSE OF ACTION
### (Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 3-102, et seq.)

103. Jake's repeats and realleges its responses to Paragraphs 1 through 102 as if fully set forth herein.

104. Paragraph 104 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 104.

105. Paragraph 105 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 105.

106. Paragraph 106 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 106.

107. Paragraph 107 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 107.

108. Jake's denies the allegations contained in Paragraph 108 and each of its subparts of the Complaint.

109. Jake's denies the allegations contained in Paragraph 109 of the Complaint.

110. Jake's denies the allegations contained in Paragraph 110 of the Complaint.

111. Jake's denies the allegations contained in Paragraph 111 of the Complaint.

112. Jake's denies the allegations contained in Paragraph 112 of the Complaint.

113. Jake's denies the allegations contained in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 114. Jake's denies that Plaintiff is entitled to any relief.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

115. Jake's repeats and realleges its responses to Paragraphs 1 through 114 as if fully set forth herein.

116. Paragraph 116 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 116.

117. Paragraph 117 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Jake's denies the allegations contained in Paragraph 117. Jake's denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Jake's denies that Plaintiff and/or any other persons are entitled to any relief whatsoever in this action.

## AFFIRMATIVE DEFENSES

In addition to the forgoing denials, Jake's alleges and asserts the following affirmative and other defenses. By pleading these defenses, Jake's does not assume the burden of proving any fact, issue of element of a cause of action where such burden properly belongs to Plaintiff. No assertion of any defenses is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief may be granted against Jake's.

### SECOND DEFENSE

Plaintiff's Complaint seeks accommodations that exceed the requirements of the Americans with Disabilities Act ("ADA") and as set forth in the ADA Accessibility Guidelines, the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

### THIRD DEFENSE

Plaintiff's Complaint seeks accommodations that already exist.

### FOURTH DEFENSE

The relief Plaintiff seeks would constitute a violation of due process because, due to the lack of promulgated regulatory authority, Plaintiff seeks to subject Jake's to vague, private standards that fail to give proper legal notice of the exact regulations that purportedly govern its conduct under the ADA, the NYSHRL, the NYSCRL, and the NYHRL.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship.

### SIXTH DEFENSE

Plaintiff's claims are barred under the ripeness doctrine because the Department of Justice, New York State, and New York City have not promulgated any regulations addressing website accessibility.

## SEVENTH DEFENSE

Plaintiff's claims are barred under the primary jurisdiction doctrine because Plaintiff's claims require the resolution of issues that have been placed within the special competence of the Department of Justice and administrative agencies, which have not issued regulations addressing website accessibility.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of separation of powers because Plaintiff is requesting that this Court bypass the legislative and administrative rulemaking process by imposing a purely voluntary website accessibility standard -WCAG 2.0 - that lacks any legal or regulatory foundation, and because there is no evidence that Congress, New York State, or New York City intended that such a legal standard should be applied.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the WCAG 2.0 guidelines are neither codified statutory nor regulatory authority by the World Wide Web Consortium, and the Website is not legally required to be compliant with the World Wide Web Consortium's voluntary guidelines.

## TENTH DEFENSE

Plaintiff's claims are barred because the Website is not a public accommodation as that term is defined because it is not an actual physical place or structure.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because there are reasonable alternative accommodations for visually impaired individuals through, among other things, the implementation of telephonic assistance to provide customers with availability to products and services.

### TWELTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff requests modifications and/or accommodations that are not achievable, are impracticable or already exist.

### THIRTEENTH DEFENSE

To the extent that the Website is deemed to not be in compliance with the ADA, the NYSHRL, the NYSCRL, the NYCHRL, or related regulations or guidelines, any such noncompliance was caused by third parties.

### FORTEENTH DEFENSE

Depending on the time period challenged by Plaintiff's Complaint, Plaintiff's claims are, or may be, barred in whole or in part by the applicable statute of limitations.

### FIFTEENTH DEFENSE

Because Plaintiff has not incurred any actual damages or injury, Plaintiff lacks standing and the Complaint should be dismissed.

### SIXTEENTH DEFENSE

Plaintiff's claims are, in whole or in part, moot because the Website meets any legal or technical specifications of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL and therefore there is no valid case or controversy and the Court lacks subject matter jurisdiction.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the claim, remedy or relief requested is not authorized or required by the ADA, the NYSHRL, the NYSCRL, and the NYCHRL.

### EIGHTEENTH DEFENSE

Any modifications Plaintiff has demanded are subject to the defense of "fundamental alteration."

### NINETEENTH DEFENSE

Plaintiff's claims are barred because there is equivalent facilitation with regard to the alleged barriers set forth in Plaintiff's Complaint.

### TWENTIETH DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff will not suffer any irreparable injury if injunctive or other equitable relief is denied.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for injunctive relief and other equitable relief are barred because it will cause significant harm in the nature of undue burden and hardship that outweighs any purported benefit of imposing a purely voluntary website accessibility standard.

### TWENTY-SECOND DEFENSE

Plaintiff's claim for attorneys' fees, costs, and expenses is barred, in whole or in part, by mootness and/or lack of subject matter jurisdiction to the extent that the Website is accessible to individuals with disabilities, including individuals who are blind or visually impaired, or will become accessible to those individuals during the pendency of this litigation and prior to the Court granting Plaintiff any relief.

### TWENTY-THIRD DEFENSE

Plaintiff's claim for attorneys' fees, costs, and litigation expenses is barred, in whole or in part, by good faith efforts to accommodate individuals with disabilities, including individuals who are visually impaired.

## ADDITIONAL DEFENSES

Jake's hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

WHEREFORE, Defendant Jake's Franchising, LLC d/b/a Wayback Burgers respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award such other relief as the Court may deem just and proper.

Dated: New York, New York
April 18, 2018

**ROBINSON & COLE LLP**

By: */s/ Joseph L. Clasen*
Joseph L. Clasen
Ian T. Clarke-Fisher
Chrysler East Building
666 Third Avenue, 20th Floor
New York, New York  10017
Phone:  (212) 451-2900
Fax:  (212) 451-2999
Email: jclasen@rc.com
Email: iclarke-fisher@rc.com

*Attorneys for Defendant*
Jake's Franchising, LLC d/b/a Wayback Burgers

## **CERTIFICATION**

I hereby certify that on April 18, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Joseph L. Clasen*
Joseph L. Clasen